### Polly Daniel's Devisees *v.* Henry Daniel.

**Husband and Wife—Separate Estate—Power to Dispose of By Will.**

A wife may dispose of her separate estate secured to her by an antenuptial contract when she reserves the right so to do.

**Reports—Unreported Opinions as Authority.**

The case of Bryan vs. Bohannon is regarded as authority, although it was not published in the reports of the decisions of the court of appeals.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

December 21, 1871.

Opinion by Judge Lindsay:

A careful examination of the authorities cited in the petition of appellants for a rehearing, has not satisfied us that the opinion of the court is not in perfect accord with the law of the case. We do not decide that the wife may not dispose of by last will and testament, the property secured to her separate use by antenuptial contract, when she reserves the right to do so. It is not necessary that all should express an opinion upon this subject. Mrs. Daniel did not reserve to herself such right in her contract with appellee. The legislature saw proper when the Revised Statutes was adopted to specify the character of separate estate a married woman might dispose of by will. The express grant of power over estates of this kind acquired by deed or devise, excludes the idea that such power exists over the same kind of estates acquired in other modes.

The common-law rule must yield to the statutory limitation.

We regard the case of *Bryan v. Bohannon* as authority although it was not published in the reports of the decisions of this court. The cases cited do not satisfy us that Mrs. Daniel took a separate estate in the property devised to her by her first husband, Cravens, nor do they conflict with the rule of law as announced in our opinion.

We cheerfully concur with counsel that the draftsman of the will, Mr. Fanon, was an accomplished lawyer, and was not likely to use unusual or unnecessary words in passing to Mrs. Daniel the fee simple title to the property devised, but we are also sat-

isfied that he understood the character of language necessary to be used in creating a separate estate, and feel assured that if such had been the intention of the testator, apt words for that purpose would have been used and nothing left for construction.

The petition for rehearing must be *overruled*.